108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tycom CORPORATION, Plaintiff-counter-defendant-Appellant,
v.
BANCBOSTON VENTURES, INC.,
Defendant-counter-claimant-Appellee. (Two Cases)
 Nos. 95-56641, 96-55484.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided March 10, 1997.
 
 Before: FARRIS, KOZINSKI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties' Commitment Letter unambiguously obligates appellant Tycom Corporation to pay BancBoston Ventures $250,000 should appellant "choose for any reason not to proceed with the Financing." SER at 24. Appellant elected not to consummate the financing agreement because its primary shareholder would not agree to the terms of the deal; this decision clearly falls within the catch-all "any reason" provision. The district court therefore properly concluded that appellant owes BancBoston Ventures $250,000 in liquidated damages.
 
 
 3
 This obligation is neither unconscionable nor unreasonable. The agreement was negotiated at arms length by two sophisticated commercial parties; the liquidated damages provision was quite conspicuous and was revised several times before appellant signed the contract. See American Software, Inc. v. Ali, 46 Cal.App.4th 1386, 1391-94 (Cal.Ct.App.1996). Moreover, liquidated damages clauses are presumptively valid under California law unless the objecting party can prove "the provision was unreasonable under the circumstances existing at the time the contract was made." Cal.Civ.Code § 1671. Appellant offers no evidence on this score. BancBoston Ventures spent considerable time trying to complete the transaction, and as a result, gave up opportunities to pursue other profitable investments. The amount agreed upon is a fair measure of this loss. See Lowe v. Massachusetts Mutual Life Ins., 54 Cal.App.3d 718, 728 (Cal.Ct.App.1976).
 
 
 4
 The district court also correctly concluded that BancBoston Ventures is entitled to recover attorney's fees incurred litigating this action. The parties' contract obligates appellant to pay all of BancBoston Ventures' "out-of-pocket expenses (including the fees and disbursements of our counsel, accountants, and consultants) whether or not the transaction contemplated herein closes." SER at 24. Fees recoverable under this clause are not limited to those spent negotiating the deal; rather, the language of the agreement is broad enough to encompass fees incurred litigating the enforceability of the contract. See United States for Use and Benefit of Reed v. Callahan, 884 F.2d 1180, 1186 (9th Cir.1989). Appellant has offered no evidence to prove the amount of the district court's fee award unreasonable.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3